UNITED STATE DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Pro se [ Non – prisoner ] Complaint Form

HANNAH WILLIAMS and JOHN WILLIAMS,

Plaintiff,

V.

LORRIE WOMBLE
BAC HOME LOAN SERVICING, LP, a
subsidiary of BANK OF AMERICA, N.A.

Defendant(s).

Civil Action No.
1:10CV541

JURY TRIAL DEMANDED

## COMPLAINT

### JURISDICTION

1. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1332 because this action is between parties that are citizens of different states and the amount in controversy is greater than $ 75,000. For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office on its organization certificate. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006). BAC is, on information and belief, a citizen of North Carolina. Plaintiff is a citizen of North Carolina.

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and at least one member of the Plaintiff is a citizen of a State different from any defendant(s).

1

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(c) inasmuch as the unlawful practices are alleged to have been committed in this District, Defendant regularly conducts business in this District, and the named Plaintiff resides in this District.

## PARTIES

4. Plaintiff

    Name of Plaintiff: Hannah Williams and John Williams
    1699 Mission Oaks Street
    Kannapolis, N.C. 28083

5. Defendant(s)    Lorrie Womble, was Plaintiff Mortgage Loan Originator
    8551 North Tryon Street upper level Bank of American
    Charlotte, N.C. 28262

6. Defendant(s)    BAC Home Loans Servicing, LP is a subsidiary of Bank Of
    America, N.A.
    4500 Park Granada
    Calabasas, CA 91302

7.

## FACTUAL BACKGROUND
### Professional Omissions and Misrepresentations of Lorrie Womble

8. Hannah and John Williams moved from tampa florida, to charlotte north carolina

2

in an apartment until their dream home was going to be built and visited the city of kannapolis north carolina to purchase their dream home On September 25, 2006 by signing a contract. they went to the mission hills subdivision and met with a Model home representative their that showed them a few Lots that the home they liked can fit within the confines of the site plot, as explained by the Model home representative. That same day while they was shown one Lot in particular that the representative said would do well with the home we chose, as we walked up on the lot and looked around, it was exciting to know that soon we will be moving into our dream home and the site plot looked well we was.

9. They immediately began to seek a mortgage loan from Bank of America in Charlotte N.C. where they scheduled a few mortgage interviews with Lorrie Womble between December 2006 and January 22, 2007 and eventually received a mortgage approval commitment letter on January 25, 2007 and closed on February 16, 2007. due to inclement whether and the winter season the construction of the house on the site plot was delayed thereby all the schedules coincided with our contract signing to closing date, though it seem at the end that a rush took place to complete the home construction.

10. On January 22, 2007 during our last appointment time with Lorrie Womble she did a couple of loan comparisons, including an FHA which we never saw but it was worked out on her computer, with us. During one of the last loan comparison's she explained that this comparison would be the best for us fitting within the parameters needed to get us to qualify, with all breakdowns in the comparison. We asked her if their was a flood problem with the property and she said no as she examined her computer doing something. We told her there was some kind of water channel way on the property, she did not show us anything to prove what she said and that induced us it was alright by believing in what she said than we started signing all the papers to get qualified for the mortgage loan.

11. We also did not receive any appraisal report of the property which should have been done before our last meeting as we turned in the contract to purchase the real property weeks before. It was not until after our first flood January 22, 2008 that we contacted Bank of America requesting a property appraisal report, showing possible hazards to flooding.

3

Case 1:10-cv-00541-TDS-PTS   Document 1   Filed 07/09/10   Page 3 of 10

12. We also did not receive paper work disclosures of flood surveys that we was told on January 22, 2007 we was not in a flood zone. Defendant Lorrie Womble negligence caused Plaintiffs aggrevated mental and emotional distress, whereas husband having fears of drowning and continual flooding nightmares, and insecurity, and wife fell into depression with sleeplessness, motivation and worsened health conditions of both, and fifteen year old daughter signs of depression and isolation due to embarrassment and shame.

13. We did not receive these pertinent disclosures which could have helped us determine whether we wanted to continue in the transaction or to see if mitigation efforts may help but we was not privy to these professional analysis disclosures until after the flooding of our real property and the abrupt lost of possessions, physical injuries and mental trauma.

14. This real property has flooded in its' interior and exterior three time beginning on August 26, 2008 then on July 22, 2009 and January 25, 2010 and the Hurricane season has just began. Plaintiffs have been aggrieved as this home is uninhabitable since 7/25/2009

15. We submitted about 80 documents concerning this matter to fanniemae, occ, bank of america and Neighborhood Assistance Corporation of America(NACA) a HUD nonprofit organization helping homeowners nationally through mortgage mitigation, and we told once submitting these documents in less than 60 days Bank of America Transferred our mortgage loan while it was going through the modification process to BAC Home loan Servicing, LP on February 5, 2010.

16. Lorrie Womble did Violate the North Carolina Unfair and Deceptive Trade Practices Act. N.C. Gen Stat § 75-1.1(a).

## COUNT 1
## FRAUD
### Defendant Lorrie Womble

17. Plaintiffs realleges and restates the forgoing jurisdictional allegations and general factual allegations

4

18. Lorrie Womble is an employee, officer and Mortgage account representative with Bank of America, N.A. who begin to originated our mortgage loan on January 22, 2007.

19. Plaintiffs appointment produced the required documents on this day at her North Tryon office, were plaintiffs wanted an FHA mortgage loan which was easier to qualify for but was told we cannot qualify for it, no document comparison was given to us for this. Since these subsequent floods to our real property we have learned that this real property under huds standards will and does show up as in an area of special flood hazard.

20. Defendant Lorrie Womble then begin to compare 10/30 year fixed interest only loans and said we can refinance in a year, so she fixed the qualifying figures and her commission that the loan would be approved.

21. Plaintiffs asked her if the property was in a flood zone and she looked on her computer and she said no, so we believed her in her competent professional duties but we did not receive any document to the fact of her findings, We believe she misrepresented the findings with ambiguity.

22. Lorrie Womble then begin to refocus our attention on getting the documents in order and signed and reiterating our question of concern of flooding saying she does not see any thing to show flooding problems.

23. Lorrie Womble was omissive, negligent in her duties as she did not use any other criteria to determine flooding potential, besides looking on the computer.

24. Lorrie Womble was culpably negligent in her duties of nonfeasance in not checking out other alternatives on January 22, 2007 or before loan closing, to safeguard Plaintiffs concern during mortgage appointment concerning potential flood problems with this real property, which did in fact help Plaintiffs be deceived to continue in this mortgage approval processing appointment and sign documents pertaining to it thereof.

25. Lorrie Womble did act with tortious interference with contract which did in fact

5

helped plaintiffs be deceived to sign contracts pertaining to mortgage loan prequalification and approval by her professional assertions.

26. Plaintiffs believed in these assertions from Lorrie Womble resulting in damage to us the injured party, who did nothing but believe the negligent assertions of a professional mortgage loan officer, BAC Home Loans Servicing, LP services this fraudulent loan.

Wherein Hannah Williams and John Williams Plaintiffs demands judgment for monetary damages against Defendants Lorrie Womble and BAC Home Loan Servicing, LP a subsidiary of Bank of America, N.A.

## COUNT II
### Defendant Lorrie Womble
### VIOLATION N.C. UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

27. Plaintiffs realleges and restates the forgoing jurisdictional allegations and general factual allegations.

28. Lorrie Womble did answer Plaintiffs assertion as to flooding concerns of the real property replying "That it was not in a flood area" protecting a class of people.

29. Lorrie Womble did check her computer for a computerized determination as to the whether the real property was located in a flood area, which she understood as not being in one with her checking the program or company they use, Affecting commerce.

30. Lorrie Womble did not disclose or give any documents to us as to what she check on the computer on January 22, 2007 or before closing if any other required disclosures that might have been of factor in Plaintiffs decision before signing mortgage preapp roval documents at our mortgage interview, or before signing mortgage documents at closing that she may have been privy to that we was not.

31. Plaintiffs was by these misrepresentations misled in believing Defendants assertions checking if real property was in a flood area and being told by her it was not, relying on

6

what we thought she did was good for us we continued in our mortgage preapproval process at her office when we would have declined if it was said to be anywhere near a flood area.

32. These misrepresentations which Plaintiffs relied upon proximately caused that Plaintiffs damages and injury of which we complain.

33. Wherein Hannah Williams and John Williams Plaintiffs demands judgment for monetary damages against Defendants Lorrie Womble and BAC Home Loan Servicing, LP a subsidiary of Bank of America, N.A.

## COUNT III
### Defendant BAC Home Loans Servicing, LP and Lorrie Womble
### Respondeat Superior

34. Plaintiffs realleges and restates the forgoing jurisdictional allegations and general factual allegations.

35. Lorrie Womble is negligent in misrepresentations beyond her scope of employment disclosing and not disclosing pertinent information which Plaintiffs relied before signing mortgage preapproval documents, she is expressly authorized by the principle as a loan officer to originate mortgages.

36. Lorrie Womble is an employee of Bank of America, N.A. who originated Plaintiffs mortgage loan, that is committed within the scope of her employment and in furtherance of the principal's business, by fraudulent behavior causing damage and injury to Plaintiffs

37. Lorrie Womble was acting in her official capacity and scope of loan officer employee of Bank of America, N.A. on the day of our appointment at her office for mortgage loan pre-approval on January 22, 2007., which mortgage loan are ratified by authorized principal(s). Which fraudulent loan is transferred to BAC Home loans Servicing, LP

38. Wherein Hannah Williams and John Williams Plaintiffs demands judgment for monetary damages against Defendant Lorrie Womble and BAC Home Loans Servicing, LP

7

a subsidiary of Bank of America, N.A.

### Negligent Infliction of Emotional Distress

39. Plaintiffs realleges and restates the forgoing jurisdictional allegations and general factual allegations.

40. Lorrie Womble was our loan originator and we asked her if we needed flood insurance she said no, by checking her computer and Plaintiff believes she was omissive in not thoroughly checking survey, appraisal, title and other pertinent reports concerning loan approval processing compliance in OCC regulations, and other federal, state, county flood prevention statues. Lorrie Womble did misrepresent facts pertinent to loan processing compliance and ambiguous disclosures and documentation to Plaintiffs.

41. Defendant Lorrie Womble knew or should have known that her negligence, as described above, was reasonably foreseeable that such conduct would cause the plaintiff severe and aggravated emotional distress.

42. Defendant Lorrie Womble negligence, as described above, did in fact proximately caused Plaintiff to suffer severe and aggravated emotional distress, humiliation and mental anguish.

43. Wherein Hannah Williams and John Williams Plaintiffs demands judgment for monetary damages against Defendant Lorrie Womble and BAC Home Loans Servicing, LP a subsidiary of Bank of America, N.A.

### Prayer for Relief

44.     Plaintiffs realleges and restates the forgoing jurisdictional allegations and general factual allegations.

45.     WHEREFORE, Plaintiffs respectfully prays the Court for Judgment of Monetary Damages and Relief as follows.

46.     That the relief demanded is for damages incurred or to be incurred in excess of Seventy five thousand dollars ($75,000).

47.     That Injunctive relief be available upon any foreclosure proceedings of this real property.

48.     That all issues of fact be tried by a jury.

49.     That all fees and Court cost be taxed to Defendants

50.     For such other further and different relief to which the Court deems just and fit which the Plaintiffs may be entitled.

This _8th_ day of July, 2010

Hannah Williams
*/s/ Hannah Williams/*
Plaintiff

John Williams
*/s/ John Williams/*
Plaintiff
Pro se

1699 Mission Oaks Street
Kannapolis, NC 28083
704-900-7636
jesuschristjustice@hotmail.com

9

UNITED STATE DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HANNAH WILLIAMS and
JOHN WILLIAMS

       Plaintiffs

       V.

LORRIE WOMBLE
BAC HOME LOANS SERVICING, LP
a subsidiary of BANK OF AMERICA, N.A.

VERIFICATION

OF

COMPLAINT

BEFORE ME personally appeared Hannah Williams and John Williams Plaintiffs, who being by me first duly sworn and identified in accordance with North Carolina, deposes and says:

1. My name is Hannah Williams and John Williams Plaintiffs herein.
2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.
FURTHER THE AFFIANT SAYETH NAUGHT.

*Hannah Williams*, Affiant

*John Williams*, Affiant

SWORN TO and subscribed before me this ___8___ day of __July__ 2010

_____
Notary Public
      My commission expires: April 11 2015

[Notary Seal: PIETRO ABRAHAM, NOTARY PUBLIC, MECKLENBURG CO., NC]