IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HANNAH WILLIAMS and JOHN WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:10CV541 |
| LORRIE WOMBLE and BAC HOME LOAN SERVICING, LP, a subsidiary of BANK OF AMERICA, N.A., | ) ) ) ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiffs have brought a complaint alleging several state law causes of action. In conjunction with the complaint, Plaintiffs also submitted applications for leave to proceed *in forma pauperis*. "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing

*in forma pauperis* d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Applicable here, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.*[1] Also, the Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim*, 64 F.3d at 954 (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). For the reasons that follow, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.

The problem for Plaintiffs in this case is jurisdictional. They have invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). According to the complaint, Plaintiffs are residents of North Carolina. (Docket No. 1, ¶ 4.) One defendant, Lorrie Womble, is also alleged to be a resident of North Carolina, while the other is alleged to be a resident of California. (*Id*. ¶¶ 5, 6.) All of Plaintiffs causes of action are based on state law and they claim that the amount in controversy exceeds $75,000, exclusive of interest and costs. (*Id*.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied* ___ U.S. ___, No. 09-8739, 2010 WL 286406 (2010), *and cert. denied*, ___ U.S. ___, No. 09-889, 2010 WL 285700 (2010).

¶ 2.) Unfortunately for Plaintiffs, the fact that they and Womble are citizens of the same state means that diversity is not present as required by § 1332(a). That statute requires complete diversity. *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). If any defendant is the citizen of the same state as any plaintiff, diversity does not exist. It is not present in this case on the face of the complaint. Therefore, the Court has no jurisdiction and the case should be dismissed.

Plaintiffs are therefore not entitled to further proceed as paupers. Plaintiffs' requests to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

```
            /s/ P. Trevor Sharp
       United States Magistrate Judge
```

Date: August 9, 2010